IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number:___-CIV-__

**RAYMOND T. MAHLBERG,**

Plaintiff,

v.

**U-HAUL CO. OF FLORIDA, INC.**
**D/B/A UHAUL**

Defendant.

_____/

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1.  This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.  Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer.  Plaintiff

1

uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Defendant's website https://www.uhaul.com (the "Website") are not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in U-HAUL CO. of FLORIDA INC D/B/A U-HAUL ("Defendant" or "UHAUL") policies, practices and procedures so that Defendant's Website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its Website to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical store and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's Website is a point of sale for the Defendant physical stores. The Defendant's e-commerce platform (https://www.uhaul.com the "Website") allows purchase of the same products online or at the brick-mortar store.

7. The Defendant owns and operates the Website for desktop and mobile application as an e-commerce point-of-sale and several stores that are located in Florida.

8. Because Defendant is a store open to the public, each of Defendant's physical store is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(E), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access Website content.

11. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand website.

12. Defendant's Website is built in digital code that impedes screen-reader software to work. A few lines of code could make the Defendant's Website compatible with the popular blind's screen-readers software and grant access to Defendant's store to all blind individuals, including Plaintiff.

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used more than 400 websites.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

14. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

15. Plaintiff visited the Website when at home, or on the go or in transit when visiting New York. The purpose of the *W*ebsite is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the locations of Defendant's store through a "Store Locator" feature. Defendant also sells to the public its products through the Website, which acts as a point of sale for Defendant's products available in, from, and through Defendant's physical store and https://uhaul.com.

16. This case arises out of the fact that Defendant U-HAUL CO. of FLORIDA INC has operated its business in a manner and way that effectively excludes Plaintiff who are visually impaired from access to Defendant's physical store and online order menu (the Website). Because the Website, an e-commerce online platform, carries the same products in the physical store and connects individuals to schedule orders on the Website 24/7. The Website has a nexus to, and is an extension of and gateway to the Defendant's physical store.

17. Because members of the public can use Defendant's Website to purchase moving supplies and reserve rental trucks for pickup at Defendant's physical store locations, the Website functions as both a point of sale and a reservation system for Defendant's goods and services. The Website enables customers to arrange in-store pickup of rental trucks and moving supplies and to access benefits connected to Defendant's physical locations. Accordingly, Defendant's Website operates as an extension of, and gateway to, Defendant's brick-and-mortar stores, which are places of public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7)(E).

18. Even if the Website is not itself a place of public accommodation the Defendant's physical store are a place of public accommodation under 42 U.S.C. §12181(7)(E), and must comply with all requirements of the ADA. The Website is an extension and a necessary service, privilege, and advantage of the Defendant's physical store. Defendant must not discriminate against individuals with visual disabilities and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical store.

19. As a result of Plaintiff being legally blind, before he embarks on any venture from his home, Plaintiff studies the location where Plaintiff is seeking to patronize through using the internet. Plaintiff has made innumerous attempts to access Defendant's physical store and Website in the past, but Plaintiff could not locate the nearest store through the Website neither place an order on the Website because the Website is not readable by the screen-reader.

20. Plaintiff's intended purchases are concrete and realistic. Although Plaintiff does not drive, Plaintiff regularly assists with the household's shopping needs for him and his fiancé, including the rent-a-truck and purchase moving supplies. Because Plaintiff's fiancé works long hours, Plaintiff uses retailers' websites to identify needed items, compare prices, and determine where products are available before arranging to obtain those items for the household, including packing supplies and renting a truck.

21. Plaintiff is, and has been, a customer of Defendant's goods and services. Plaintiff's fiancé has previously rented from U-Haul and assists Plaintiff with transportation by driving him when needed. Plaintiff is interested in renting a U-Haul vehicle for personal use, with his fiancé serving as the driver. Because his fiancé maintains a busy work schedule, Plaintiff seeks to independently access Defendant's Website to reserve the vehicle in advance, and then travel

with his fiancé to Defendant's physical rental location to pick up the truck. However, the access barriers on Defendant's Website prevented Plaintiff from independently reserving a U-Haul vehicle and accessing Defendant's rental services on equal terms. As a result, Plaintiff was denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages offered through Defendant's Website and its brick-and-mortar locations. Unless and until the Website's accessibility barriers are removed or otherwise remedied, Plaintiff will continue to be impeded from accessing U-Haul rentals, related merchandise, and store-based services available to sighted customers.

22. Before Plaintiff visited Defendant's physical store, it is convenient for Plaintiff to visit the order online to place the order, like any other internet user. Defendant's Website accessibility is an important accommodations for Plaintiff; because as a visually disabled individual Plaintiff plans his outings in advance, like how to get to the location.

23. Plaintiff is impeded to access and communicate with Defendant's store and Website effectively; unable to take advantage and use the Defendant's Website to place an order and go pickup at the store, purchased online, create an account and sign up to rent a van or truck, emailer to receive exclusive online offers, benefits, invitations, and discounts for use both online and in the physical store.

24. The privilege to navigate the Website(s) from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of his home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. *Title III ADA 28 C.F.R. § 36.303.*

25. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website(s), Plaintiff will continue to be denied full access to UHAUL's physical locations stores and the Website.

### JURISDICTION AND VENUE

26. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

27. Defendant has several stores in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

28. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

29. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is some UHAUL locations near his home.

30. Plaintiff is a resident of Orlando, FL 32817. is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

31. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

32. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that

caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Defendant U-HAUL CO. of Florida is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

**THE PARTIES**

33. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff resides in Orlando. Mahlberg is legally blind, and a member of a protected class under the ADA. Whereby, Plaintiff has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, Mahlberg has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

34. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS screen-reader to access the internet." JAWS, or "Job Access With Speech," uses keyboards keys to navigate the website by reading loud the website. For screen-reading software to work, the information on a website must be capable of

8

being rendered into text-description. A description of the image, icons and navigate in an organized order.

35. Defendant is a foreign for profit limited liability company. Defendant is the owner and operator of a chain of several of stores and distributors of UHAUL truck rental system. U-HAUL CO. of FLORIDA INC distributes moving and packing supplies and truck rental to its stores and affiliated stores in Florida.

36. Upon information and belief, at all times material hereto, Defendant owns, operates, and/or manages the day-to-day affairs of U-HAUL CO. of FLORIDA INC which are operating within the State of Florida. Defendant's stores are public accommodations pursuant to 42 U.S.C. § 12181(7)(E).

37. Plaintiff believes, and thereon alleges, that Defendant corporation and affiliates and/or related entities, actively engaged in the sale of moving and packing supplies and truck rental in various states throughout the country, including Florida.

38. Said Defendant entities will hereinafter collectively be referred to as "UHAUL" or, where appropriate, "Defendant."

## FACTS

39. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

40. Each of Defendant UHAUL's stores are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing

9

regulation as "[A] … other sales establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

41. UHAUL's stores offer a trucks for rental and moving supplies like boxes, and packing supplies for sale or rental to the general public.

42. Defendant has control over several points of sale including the Website, its content, design and source-code, and/or operates his web pages, including image and data content. Defendant owns and operates the domain name https://www.uhaul.com that is configured for use by desktop computer and mobile devices such as smartphones.

43. One of the functions of Defendant's Website (available to browse in mobile or computer version) is to provide truck reservation with date and time to pick up at the store; also shows the Defendant's locations. The other function of the Website is to sell Defendant's moving and packing supplies.

44. Defendant's Website is offered by Defendant as a way for the public to communicate with UHAUL's truck rentals and moving supplies. Defendant's Website also permits the public to register and create an account that allows the general public to order from the store shop feature, provides: customer service and locate a store.

45. Blind Plaintiff needs to plan his outgoings plan transportation and how to get to the store. Like innumerous customers, Plaintiff rather to accesses Defendant's Website and place an online order, which is faster, and Plaintiff can easily check rental truck rates and moving/packing supplies costs but not possible on the Defendant's Website. Plaintiff has a concrete plan of visiting the store, because Plaintiff will be moving in a few months, also Plaintiff is buying furniture and mattress and need a van or truck to transport it.

10

46. Plaintiff is a customer of UHAUL's stores since his intent to continue visiting UHAUL's stores. Plaintiff through his inquiries learned that there are a some UHAUL's shops throughout Florida.

47. During the months of April and May 2026, on several occasions, including April 25, 30, 2026 and 2, 4,7, 9 May 2026, Plaintiff was denied access to Defendant's Website, because the Website is incompatible to screen-reader software. Plaintiff explains that the Website contains the following access barriers that prevent him from free and full use of screen reader software NVDA. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

a. The images on the Website do not have text label, so Plaintiff cannot order online. Images have no meaningful description (no alt).  Watch https://youtu.be/QVtz4ByVg80

b. The location page  https://www.uhaul.com/Locations/Miami-FL/Results/  does not "focus" on the address, then the address of the store is not announced. See this video for more details https://youtu.be/_uSGCet95Mw

c.   At "checkout" the website skips all the purchase and rental details including prices. Watch the evidence on https://youtu.be/P33MV3Lutu0

d.   No way to skip a huge and repeated menu to reach main content (missing "Skip to main content" link or proper landmarks). The Website has an extensive menu, and lacks "skip to main content". Watch https://youtu.be/WWj6Ctsi7Ds .

e. Price of the rentals are not announced because it has no focus. Repeats the information "select" but does not explain what you are selecting. Watch https://youtu.be/QVtz4ByVg80

11

f. On the page "Reservation-Safemove- damage protection", the Website skips the insurance information and price, which is important to complete the truck reservation. Watch on https://youtu.be/WWj6Ctsi7Ds

g. If an input error is shown on the screen (for example when trying to sign up-enter invalid email) and the error message is shown on the screen, the error is not announced. The user is not aware of the errors that are highlighted in red on the screen.

h. The background, text and products have poor contrast. Also, the Website does not provide a zoom feature.

48. Plaintiff encountered the following barrier when Plaintiff was unable and impeded to access and unable to learn about (1) Defendant's store locations, address and  hours; (2) the cost of Defendant's trucks for rent by size; (3) make a truck or van reservation online and pick up at the store; (4) offers and discounts; and (5) moving/packing supplies pricing and be able to checkout to finalize an online purchase. Thus, Defendant's Website creates an intangible barrier that prevents Mahlberg from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot locate the defendant's store and place an online order.

49. During Plaintiff's several visits to the Website using JAWS, NVDA and iPhone Voiceover, screen-readers for computer and smartphone. Plaintiff's browsing including April 25, 30, 2026 and 2, 4,7, 9 May 2026, attempted to visit the physical store by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

## AMERICAN WITH DISABILITIES ACT

50. The failure to access the information needed precluded Plaintiff's ability to patronize UHAUL's stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

51. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

52. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "store and sales establishment" Id. § 12181(7)(E). Defendant owns and operates stores called UHAUL.

53. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and *intangible barriers*, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

54. *On March 18, 2022,* The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (entities covered by ADA Title III) can make sure their website is accessible to people with disabilities in line with the ADA's requirements. (Exhibit B). The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility

13

Guidelines ("WCAG") 2.1 to determine accessibility. *See https://www.justice.gov/opa/pr/justice-department-issues-web-accessibility-guidance-under-americans-disabilities-act.*

55. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

56. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

57. Plaintiff would like to become Defendant's patron and access the Defendant's physical store and the Defendant's Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar store.

58. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the Website pages contained therein, left Plaintiff excluded from accessing UHAUL's stores, goods and services available from Defendant and further affects Plaintiff with the sense of segregation, rejection, isolation, humiliation, frustration and unable to participate in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered in a personal and individual way a particularized harm and an injury in fact.

59. Plaintiff cannot make proper arrangements for transportation of himself to the UHAUL's stores locations without make a reservation to rent a truck with date and time, which is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant UHAUL's stores location. Plaintiff is effectively denied the ability to physically travel to Defendant UHAUL's stores.

14

60. Plaintiff has a concrete plan to make a reservation to rent a UHAUL truck, when Plaintiff is treated like other members of the public. By denying Plaintiff the opportunity to comprehend Defendant's Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

61. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

62. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

63. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores.

64. All Public Accommodations must ensure that their *Places of Public Accommodation* provide *Effective Communication* for all members of the general public, including individuals with disabilities pursuant *Title III ADA 28 C.F.R. § 36.303.*

65. Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

66. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's Website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

67. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

68. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

69. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

70. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Uhaul.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

71. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

72. Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

73. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the Website which is defined within §12181(7)(E), and is subject to the ADA.

74. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services,

16

facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

75.   Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

76.   Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

77.   Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

78.   As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

79.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make all Defendant's Website readily accessible to and usable by visually impaired users, and during that time period prior to the Website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website through the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive communication effectively with the Website for purposes of viewing and locating UHAUL's stores and be able to purchase on the UHAUL's online "store and reservation system" and pickup at the physical store.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

80. For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "**U-HAUL CO. OF FLORIDA, INC.**" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

18

a. That the Court issue a Declaratory Judgment that determines that the Defendant's Website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their Website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

f. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 12th day of May 2026.

/s/Acacia Barros
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
7284 W Palmetto Park Rd #101
Boca Raton, FL 33433
Tel: +1 (786) 759-3520

ab@barroslawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th May day of  2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant's counsel enters an appearance.